UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN MARTIN CARDENAS,<br><br>Petitioner,<br><br>v.<br><br>SOLANO COUNTY SUPERIOR COURT JUDGE,<br><br>Respondent. | No. 2:22-cv-00922-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE AND TO COMPLY WITH A COURT ORDER<br><br>(Doc. No. 6) |

Petitioner Julian Martin Cardenas is a pretrial detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 7, 2022, the court ordered petitioner to either file a motion to proceed *in forma pauperis* or pay the required filing fee in order to proceed with this habeas action. (Doc. No. 5.) The court provided petitioner with thirty days to comply with that order.[1] (*Id.* at 1.) Petitioner has not paid the required filing fee to proceed with this action nor filed an application to proceed *in forma pauperis*, and the deadline in which to do so has passed.

---

[1] The service copy of the June 7, 2022 order, which was mailed to petitioner at his address of record, was returned to the court as undeliverable, "not in custody." Petitioner was thus required to file a notice of his change of address with the court no later than September 6, 2022. To date, petitioner has not filed a notice of his change of address or otherwise communicate with the court.

1

1       Accordingly, on September 12, 2022, the assigned magistrate judge issued findings and

2 recommendations recommending that this action be dismissed, without prejudice, due to

3 petitioner's failure to comply with the court's orders and failure to prosecute this action. (Doc.

4 No. 6.) The findings and recommendations were served upon petitioner and contained notice that

5 any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 2.) To

6 date, petitioner has not filed any objections and the time in which to do so has passed.[2]

7       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

8 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the

9 pending findings and recommendations are supported by the record and proper analysis.

10       Having concluded that the pending petition must be dismissed, the court also declines to

11 issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute

12 right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*

13 *Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may

14 only issue a certificate of appealability when a petitioner makes a substantial showing of the

15 denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas

16 relief on procedural grounds without reaching the underlying constitutional claims, the court

17 should issue a certificate of appealability "if jurists of reason would find it debatable whether the

18 petition states a valid claim of the denial of a constitutional right and that jurists of reason would

19 find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

20 *McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists

21 would not find the court's determination that the pending petition must be dismissed to be

22 debatable or wrong. Thus, the court declines to issue a certificate of appealability.

23       Accordingly,

24       1.       The findings and recommendations issued on September 12, 2022 (Doc. No. 6) are

25             adopted in full;

26       2.       The petition for writ of habeas corpus (Doc. No. 2) is dismissed;

---

[2] The service copy of the findings and recommendations, which was mailed to petitioner at his address of record, was again returned to the court as "undeliverable, not in custody."

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is denied as having been rendered moot by this order;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 1, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE